IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and ARTHUR H. BUNTE, JR., Trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 13 C 5480 |
| MOTOR WORKS, INC., a Wisconsin corporation | ) ) ) | Judge |
| | ) | Magistrate Judge |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Arthur H. Bunte, Jr., one of its present trustees, for a cause of action against Defendant allege as follows:

### JURISDICTION AND VENUE

1.  This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2.  This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3.  Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Rosemont, Illinois. Venue is also proper in this Court pursuant to the forum selection clause

contained in the Pension Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Arthur H. Bunte, Jr. is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Arthur H. Bunte, Jr., are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant Motor Works, Inc. ("Motor Works") is a corporation organized under the laws of the State of Wisconsin.

## CLAIM FOR RELIEF

8. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 7 of this Complaint as though fully set forth herein.

9. On or about December 1, 2012, Thomas Amon directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of B.R. Amons & Sons, Inc. ("B.R. Amons").

10. On or about December 1, 2012, Thomas Amon directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of Lake Mills Blacktop, Inc. ("Lake Mills").

11. On or about December 1, 2012, Thomas Amon directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of Motor Works.

12. On or about December 1, 2012, B.R. Amons, Lake Mills and Motor Works were a group of trades or businesses under common control (the "Amon Controlled Group") and therefore constituted a single employer within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

13. The Amon Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

14. During all relevant times, B.R. Amons and Lake Mills were bound by collective bargaining agreements with certain Teamsters local unions under which B.R. Amons and Lake Mills were required to make contributions to the Pension Fund on behalf of certain of its employees.

15. The Pension Fund determined that on or about December 1, 2012, the Amon Controlled Group permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

16. As a result of this complete withdrawal, the Pension Fund determined that the Amon Controlled Group incurred joint and several withdrawal liability to the Pension Fund in

the principal amount of $5,864,827.83, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

17. On or about April 2, 2013, a receiver was appointed for the benefit of B.R. Amons and Lake Mills' creditors in the Walworth County Circuit Court in the State of Wisconsin. Motor Works was not included in this receivership action.

18. On or about June 13, 2013, Motor Works received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). The notice demanded full payment of the entire amount of the withdrawal liability by June 21, 2013, pursuant to section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), and Appendix E, § 5(e)(2) of the Pension Fund's Pension Plan. The amount demanded was $5,864,827.83, the balance owed at that time on the withdrawal liability.

19. The Amon Controlled Group failed to make the withdrawal liability payment to the Pension Fund.

20. Each of the Defendants, as members of the Amon Controlled Group, is jointly and severally liable to the Pension Fund for the withdrawal liability.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for–

    (i) the past due withdrawal liability payment in the amount of $5,864,827.83;

    (ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase


        Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

  (iii)    an amount equal to the greater of interest on the past due withdrawal liability or liquidated damages of 20% of the past due withdrawal liability; and

  (iv)    attorney's fees and costs.

(b)    Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c)    Such further or different relief as this Court may deem proper and just.

Respectfully submitted,

s/ Rebecca K. McMahon
Rebecca K. McMahon  (ARDC #06290192)
CENTRAL STATES FUNDS
Law Department
9377 W. Higgins Road, 10th Floor
Rosemont, IL  60018
(847) 518-9800, Ext. 3441
rmcmahon@centralstatesfunds.org

August 1, 2013        *COUNSEL FOR CENTRAL STATES*